UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEROD HARRISON,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ROB ST. ANDRE,<br><br>　　　　　　Respondent. | Case No. No. 2:24-cv-05297-SPG (JDE)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [ECF NO. 18]** |

　　　Before the Court is the December 3, 2024, Report & Recommendation of United States Magistrate Judge John D. Early, (ECF No. 18 ("Report")), which addresses the Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")), filed by Petitioner Gerod Harrison ("Petitioner"). On January 3, 2025, Petitioner filed two objections to the Report: (1) "Objection to Report and Recommendation of United Stats Magistrate Judge," (ECF No. 21 ("Objection 1")); and (2) "Objection to All," (ECF No. 22 ("Objection 2")).

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the record in this case, the Report, and Objections 1 and 2. For the reasons discussed below, the Court overrules Objections 1 and 2 to the Report, adopts the Report, denies the Petition, and dismisses this action with prejudice. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

## I.  Background

These facts are taken from the Report unless otherwise stated.[1]  On December 5, 2019, Petitioner was found guilty by a jury in Los Angeles County Superior Court of first-degree murder of decedent Albert Kyle.  (Report at 2).  On September 16, 2021, the trial court sentenced Petitioner to 31 years to life in state prison on Petitioner's first-degree murder conviction.  (*Id.*).  Petitioner then appealed his conviction and sentence to the California Court of Appeal, which affirmed the judgment of the Los Angeles County Superior Court.  At the time of the Report, Petitioner continued to seek post-conviction relief and resentencing through the state courts.  (*Id.*).

On June 17, 2024, Petitioner filed the Petition in federal court, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1 ("Petition")).  Petitioner argued three grounds to support the writ: (1) that evidence in his trial was insufficient to prove premediated murder, (*id.* at 2); (2) that the prosecutor improperly "peppered her closing argument with her theory of the case," including her "theory" that Petitioner intended to kill the decedent if necessary to perpetrate an armed robbery, and that there was insufficient evidence to support that Petitioner intended to rob and murder the decedent, (*id.* at 4); and (3) Petitioner's counsel was ineffective because counsel failed to object to the prosecutor's closing statement as an alleged misstatement of the law and facts, (*id.* at 5).

Magistrate Judge Early reviewed the Petition and recommended it be denied and the action dismissed with prejudice, finding there was "no basis for federal habeas relief based on the state court's rejection of Petitioner's claims."  (Report at 17, 36).  In particular, the Report finds that the evidence presented at trial, when viewed in the light most favorable to the prosecution, could support that "any rational trier of fact could have found" that Petitioner committed first degree murder, due to the manner of killing, actions taken by Petitioner consistent with a plan, and evidence consistent with a motive to commit the murder.  (Report at 21–24); *Jackson v. Virginia*, 442 U.S. 307, 319 (1979).  The Report

---

[1] The Report sets out the facts and procedural background of this case in detail.  Therefore, the Court's order does not recount in detail those facts here.

also finds that the prosecutor's statements during closing argument were reasonably based on evidence in the record, and her argument did not include misstatements of the law. (Report at 31–33). Finally, the Report finds that Petitioner has not shown there was a reasonable probability that, "but for counsel's failure to object [to the prosecutor's closing argument], the result of the proceeding would have been different." (Report at 36). Accordingly, the Report recommends this Court accept the Report and Recommendation and enter judgment denying the Petition and dismissing the action with prejudice. (*Id.*).

## II. Petitioner's Objections

On January 3, 2025, Petitioner filed Objections 1 and 2 to the Report.[2] As set forth below, the Objections do not respond to the Report, but, instead, raise new, additional grounds to argue that Petitioner's conviction is improper and must be overturned.

28 U.S.C. § 636(b)(1)(C) requires that, after timely objections are made to the report and recommendation of a Magistrate Judge, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." If the objections raised by a party do not relate to "portions of the report or specified proposed findings," then there is nothing for the court to review do novo. 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."). District courts also have discretion to decline to consider new arguments raised for the first time on objections to a magistrate's findings and recommendation. *See United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000)*; Brook as Trustee of David North II Trust v. McCormley*, 837 F. App'x 433, 436 (9th Cir. 2020); *see, e.g.*, *Carlson v. Birkholz*, 2025

---

[2] Central District of California Local Rule 72-3.4 requires any response to a Magistrate Judge's report be filed within 20 calendar days of the Report's issuance, or at any further time ordered by the Magistrate Judge. Magistrate Judge Early ordered that objections were due December 30, 2024. (ECF No. 17). Petitioner's Objections, filed on January 3, 2025, are untimely and provide a separate ground for the Court to overrule Petitioner's Objections. *See* (*id.*); C.D. Cal. L.R. 7-12.

WL 1014792, at *1 (C.D. Cal. Apr. 3, 2025) ("Because Petitioner did not raise this argument before the magistrate Judge in [ ] the Petition . . ., the court has no obligation to consider it."); *Castillo v. Martinez*, 2024 WL 289318, at *1 (C.D. Cal. Jan. 24, 2024) ("Generally, a district court is not required to consider new legal theories that were not previously presented to the Magistrate Judge."); *Littlejohn v. Cal. Dep't of State Hosps.*, 2023 WL 5019895, at *1 (C.D. Cal. Aug. 7, 2023) ("The Court declines to consider these claims because they were not presented to the Magistrate Judge.").

As to Objection 1, Petitioner's objections are all based on "new legal theories that were not previously presented to the Magistrate Judge." *Castillo*, 2024 WL 289318, at *1. In particular, Petitioner raises the following in Objection 1: (1) that the prosecutor committed misconduct, by allegedly presenting false testimony from an eyewitness, Marvin Tart (Objection 1 at 3–4); (2) that defense counsel was not sufficiently prepared for trial because he declined to obtain a "second opinion on cause of death" (*id.* at 4); (3) that one of the knives involved in the murder was mishandled (*id.* at 6); (4) that Petitioner's Co-Defendant was in an altered state during interrogation (*id.* at 4–5). Although Petitioner was apparently aware of each of these arguments and could have presented them in his initial Petition reviewed by the Magistrate Judge, none of these arguments were presented in the initial Petition. Moreover, Petitioner's objections do not explain why he did not raise the arguments that are the subject of his objection in his initial Petition. Allowing a party to "run one version of their case past the magistrate, then another past the district court," "would frustrate the purpose of the Magistrates Act." *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988). This Court therefore declines to consider the arguments presented for the first time in Petitioner's Objection 1. *Howell*, 231 F.3d at 623 (no abuse of discretion where there was "no question that the specific factual allegations [] included in [the] objection were available to the defense before the magistrate judge's proceedings ever began").

Petitioner's Objection 2 appears to repeat the same arguments included in Objection 1. *See* (Objection 2). Objection 2 also objects "to all." (*Id.*). However, an objection "to

all" is not sufficiently particularized to support review of the petition. 28 U.S.C. § 636(b)(1)(C) (district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)); *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017) ("Only objections that reference specific portions of the report and recommendation will trigger de novo review—general or conclusory objections do not suffice."); *Jeannie M. v. O'Malley*, 2024 WL 1377305, at *2 (E.D. Wash. Mar. 30, 2024) ("The Court need not review an objection to an R&R that is general and non-specific."); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) (stating that word-for-word review of magistrate's report due to general objections would undermine judicial efficiency). The Court thus declines to consider Objection 2.

## ORDER

For the foregoing reasons, it is ordered that (1) the Report and Recommendation of the Magistrate Judge is approved and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

DATED: July 14, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE